NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD DOUGHTY, | : | Hon. Noel L. Hillman |
| | : | |
| Plaintiff, | : | Civil No. 08-2012 (NLH) |
| | : | |
| v. | : | OPINION |
| | : | |
| R. COMUNALE, etc., | : | |
| | : | |
| Defendant. | : | |

APPEARANCES:

> EDWARD DOUGHTY, #158944, Pro Se
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey 08338

HILLMAN, District Judge

Plaintiff Edward Doughty seeks to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant in forma pauperis status to Plaintiff.[1] As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the

---

[1] Although 28 U.S.C. § 1915(a)(2) requires a prisoner who applies for in forma pauperis status to submit "a certified copy of the trust fun account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," 29 U.S.C. § 1915(a)(2), this Court will excuse Plaintiff's failure to obtain the appropriate certification of the account statement he submitted because this Court's Order entered May 5, 2008, inadvertently did not advise Plaintiff of the certification requirement. Plaintiff should be aware for future reference that the account statement must be certified.

Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff sues New Jersey State police officer R. Comunale for violation of his constitutional rights under 42 U.S.C. § 1983. He asserts the following facts which this Court will regard as true for the purposes of this review.

> I was at Bally's Atlantic Cito Casino, I was upset I lost my money had a few drinks and wanted something more, so I run into this fellow around 10 or 11 PM November 31, 07 in Wild Wild West part of the casino. And after awhile he and I talked about cocaine, He admits to me he's not an officer and clearly states to me "Yo know me my ni--er I'm cool."
>
> I want the Court to hold this man liable for civil rights violations against me.

(Compl., ¶¶ 4-5.)

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the

3

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

\*         \*         \*

While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required

4

elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

>to the party injured in an action at law,
>suit in equity, or other proper proceeding
>for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

This Court will dismiss the Complaint because Plaintiff's allegations do not show that Comunale violated the Constitution, laws, or treaties of the United States. Plaintiff's arrest on drug charges did not violate the Fourth Amendment because the facts asserted in the Complaint show that officer Comunale had probable cause for the arrest. See Virginia v. Moore, 128 S. Ct. 1958, 1604 (2008) ("[W]hen an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable"); Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996) ("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have

believed that an offense had been or was being committed by the person to be arrested"); Hughes v. Meyer, 880 F. 2d 967, 969 (7th Cir. 1989) ("Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false").

To the extent that Plaintiff seeks to § 1983 claim based on officer Comunale's alleged use of racially offensive language, Plaintiff's allegations do not state a § 1983 claim. See King v. City of Eastpointe, 86 Fed. Appx. 790, 807 (6th Cir. 2003) (arrest was not result of racial discrimination where there was probable cause to arrest, even if police used racial slur); Kurtz v. City of Shrewsbury, 245 F. 3d 753, 758-59 (8th Cir. 2001) ("alleged verbal harassment in the form of threats and unflattering remarks directed a plaintiffs, does not rise to the level required to establish a constitutional violation"); Bender v. Brumley, 1 F. 3d 271, 274 n.4 (5th Cir. 1993) ("mere allegations of verbal abuse do not present actionable claims under § 1983"); Hopson v. Fredericksen, 961 F. 2d 1374, 1378-79 (8th Cir. 1992) (police officer's use of racial slur and threat to knock arrestee's teeth out do not state § 1983 claim).

Finally, to the extent Plaintiff seeks to assert that officer Comunale entrapped him, such a claim does not assert a constitutional violation. Entrapment may violate due process

7

under the New Jersey Constitution, see State v. Johnson, 127 N.J. 458, 473 (1992), but the entrapment described by Petitioner here, that is, the participation of police in an unlawful drug sale, is not of a constitutional dimension. See United States v. Russell, 411 U.S. 423, 433 (1973); DiBlasio v. City of New York, 102 F.3d 654, 656 (2nd Cir. 1996) (entrapment involving sale of drugs to undercover police does not allege constitutional violation under § 1983); Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967) ("While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation"). As Plaintiff's allegations do not assert violation of his constitutional rights, and it does not appear that Plaintiff could state a claim by amending the Complaint, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

_/s/ Noel L. Hillman_
NOEL L. HILLMAN, U.S.D.J.

Dated: _February 5_, 2009

At Camden, New Jersey